974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William H. BRIGGS, Plaintiff-Appellant,
v.
CITY OF OKLAHOMA CITY, Defendant-Appellee.
 No. 92-6137.
 United States Court of Appeals, Tenth Circuit.
 Aug. 25, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 Before JOHN P. MOORE, TACHA AND BRORBY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Briggs, acting pro se, attempts to appeal the adverse judgment of the district court. However, prior to reaching the merits of this appeal, we must determine whether we have jurisdiction.
 
 
 3
 The facts relevant to the jurisdictional issue are undisputed. The district court entered its final judgment on February 11, 1992. On March 10, 1992, Mr. Briggs filed an application to proceed in forma pauperis. The district court denied this application on the same date because Mr. Briggs's application revealed he was employed and owned his home. On April 8, 1992, Mr. Briggs filed a document entitled "Appeal." We will assume, without deciding, this document is the functional equivalent of a notice of appeal.
 
 
 4
 This court asked the parties to address the jurisdictional issue. Mr. Briggs did not address the issue. Appellee asserted Mr. Briggs's filing was untimely.
 
 
 5
 Fed.R.App.P. 4(a)(1) requires a notice of appeal to be filed within thirty days after the date of entry of the judgment appealed. No notice of appeal was filed by Mr. Briggs within the thirty-day limit. Therefore, we lack jurisdiction to determine the merits of the underlying judgment. However, in Mr. Briggs's pro se document, which he entitled "Appeal," he complains of the district court's denial of in forma pauperis status. We therefore treat Mr. Briggs's document of April 8 as the functional equivalent of an appeal from the district court's order of March 10 denying permission to proceed in forma pauperis, see Fed.R.App.P. 4(a)(4), and exercise jurisdiction only as to the merits of that ruling. We therefore define the issue to be decided by this court as whether the district court erred in denying Mr. Briggs's application to proceed in forma pauperis.
 
 
 6
 Turning our attention to the record on appeal, we find that Mr. Briggs's counsel filed a complaint against the City of Oklahoma City as Mr. Briggs's employer, alleging discriminatory treatment based upon race and gender. The parties ultimately agreed, in writing, to proceed to nonbinding arbitration, which was decided in favor of defendant. Mr. Briggs's counsel, acting at Mr. Briggs's request, then filed a motion to dismiss. Mr. Briggs then filed a demand for trial de novo, without his counsel's knowledge, and counsel withdrew. The district court's Rule 43(P)(3) required a filing fee of $150 to accompany the trial demand. Mr. Briggs filed his first application to proceed in forma pauperis wherein he revealed he was employed earning $600 per month and owned his own home. This application was denied. The district court ultimately entered its judgment ordering the decision of the arbitrator in favor of the defendant to become the final judgment.
 
 
 7
 28 U.S.C. § 1915(a) provides that any court of the United States "may authorize" the prosecution of any civil suit without prepayment of fees by a person who makes an affidavit that he is unable to pay such costs or give security therefor. The statutory language clearly establishes that the decision to grant leave to proceed in forma pauperis is subject to the exercise of judicial discretion. We therefore review this order for an abuse of discretion.
 
 
 8
 Taking Mr. Briggs's affidavit at face value, as we must, it clearly states he owns his own home. A district court does not abuse its discretion in ruling that a home owner is able either to pay the fee for a jury trial or to give security therefor. Refusal to grant leave to proceed in forma pauperis does not offend the requirements of due process where the plaintiff originally hired counsel, gives no information concerning a change in financial status, is employed at a minimum wage, shows no debts, and owns his own home.
 
 
 9
 The judgment of the district court denying leave to proceed in forma pauperis is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3